J-S46023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN KERKULA, | |
| Appellant | No. 2451 EDA 2014 |

Appeal from the Judgment of Sentence of July 29, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007936-2013

BEFORE:  MUNDY, OLSON and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 30, 2015**

Appellant, John Kerkula, appeals from the judgment of sentence entered on July 29, 2014.  We affirm.

As the learned trial court explained:

> Appellant was charged by criminal complaint on August 6, 2013, with [multiple counts of robbery, conspiracy, and other, related crimes].  The[] charges stemmed from an incident which occurred [on] the night of August 5, 2013, on Route 413 in Bristol Township, Bucks County, in the parking lot of a [7-Eleven convenience store]. . . .
>
> Appellant waived his right to a trial by jury.  Appellant's [bench] trial began on March 25, 2014.  On March 26, [2014, the trial court found Appellant] guilty [of four counts of robbery (under 18 Pa.C.S.A. § 3701(a)(1)(ii), (iii), (iv) and (v)) and four counts of conspiracy (under 18 Pa.C.S.A. § 903(c))].  Viewing the evidence in the light most favorable to the Commonwealth[] as the verdict winner, the following relevant testimony was presented at trial[.]

On August 5, 2013, at approximately 10:30 [p.m.,] Appellant was positioned as a front-seat passenger in a Ford Crown Victoria in the parking lot of the [7]-Eleven. The vehicle was being operated by Jarod Evans. . . . The victim in this case, Skyler Sargeant, accompanied by Franklin Talley, entered the rear of the vehicle to make an illegal purchase of Percocet[.]

After entering the vehicle, Sargeant proceeded to remove money from her pocket to purchase the drugs she believed the occupiers of the Crown Victoria possessed. Sargeant removed approximately $870[.00] from her person, which she stated that the front-seat passenger of the vehicle, [Appellant], then took from her. After the money was taken, Talley left the car, and Evans and [Appellant] informed Sargeant that she was not getting her money back, and then told her to exit the car as well.

When Sargeant refused to exit the vehicle, Appellant and Evans threatened to shoot her. Sargeant was not deterred by the threat and a physical confrontation occurred over the money, resulting in Sargeant being physically forced from the vehicle. In a final effort to recover her money, Sargeant proceeded to grab onto the driver's window as the car began to exit the parking lot. Sargeant hung onto the vehicle for a period of time as it pulled away, despite the car [traveling] approximately 25 to 35 miles per hour.

Officer Tom Van Winkle of the Bristol Township police spotted the vehicle and [] Sargeant clinging to it as it pulled out from the [7]-Eleven. He immediately activated his emergency lights. Officer Van Winkle saw the car continue up a curb and off the roadway until [] Sargeant fell off. At no point during the pursuit did Officer Van Winkle lose sight of the Crown Victoria.

Officer Van Winkle was able to stop the vehicle after approximately a quarter mile of pursuit when it pulled into the Stadium Bar. After approaching the vehicle and speaking with the occupants, Officer Van Winkle was able to affirmatively identify [] Appellant as the passenger. He determined that the car was owned by [] Appellant's brother, who was not in the vehicle at the time. At no point

were any drugs or weapons found on the person of [] Evans [or] Appellant, or within the Crown Victoria.

While Officer Van Winkle was speaking with Evans and [Appellant], other officers appeared at the scene. Furthermore, [] Sargeant had followed the car after she had fallen from it and relayed to the officers what had occurred, stating, while visibly upset, that she had been robbed and threatened by the occupants in the vehicle which had been pulled over by Officer Van Winkle. A search of the car recovered no weapons or drugs, but it did result in the recovery of the approximately $870[.00] that [] Sargeant stated had been stolen.

Appellant was taken into custody that night and given his **Miranda**[1] warnings by Sergeant Kevin Burns of the Bristol Township police. After receiving his **Miranda** warnings, Appellant spoke freely with Sergeant Burns without an attorney. He stated that he went to the [7]-Eleven to meet some females, and that [] Sargeant and [] Talley proceeded to enter the back of his vehicle without prompting.

Trial Court Opinion, 11/7/14, at 1-4 (internal citations and some internal capitalization omitted).

On July 29, 2014, the trial court sentenced Appellant to serve an aggregate term of four to ten years in prison, and to serve a consecutive term of two years of probation. Appellant did not file a post-sentence motion.

Appellant filed a timely notice of appeal and the trial court ordered him to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant listed the following two claims in his Rule 1925(b) statement:

---

[1] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

1. [Appellant] was denied [the] opportunity to complete a plea agreement because the district attorney required that co-defendant also plead guilty.

2. The verdict of guilty was against the weight of the evidence.

Appellant's Rule 1925(b) Statement, 10/3/14, at 1 (some internal capitalization omitted).

Within Appellant's brief to this Court, Appellant has failed to include a "statement of the questions involved" section, as is required by Pennsylvania Rule of Appellate Procedure 2116. However, the argument section of Appellant's brief is headed in the following manner:

Appellant's issues can be addressed in a single argument. The denial of the motion to withdraw the guilty plea, then denied a fair trial. This denial by the trial court was an error.

Appellant's Brief at 6 (some internal capitalization omitted).

The argument section of Appellant's brief does not contain any argument or claim that the trial court erred when it denied Appellant's "motion to withdraw the guilty plea." *See* Appellant's Brief at 6-8. Therefore, any such claim is waived. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (holding that, were the appellant "fails to expand upon [a] claim in the argument section of his brief . . . the claim is waived"). Further, Appellant waived his weight of the evidence claim on appeal, as Appellant failed to raise the claim before the trial court.

Pa.R.Crim.P. 607(A); Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").[2]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/30/2015

---

[2] To the extent Appellant's brief claims that the evidence is insufficient to support his convictions, the claim is waived because Appellant did not raise the claim in his court-ordered Rule 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b) s]tatement . . . are waived").